IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOLENE SPOONER, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CAPITAL AUTOMOBILE | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Jolene Spooner ("Spooner") brings this Complaint against Defendant Capital Automobile Company ("Capital") and shows the Court as follows:

## Introduction

### 1.

This is a wage and hour case.

### 2.

Capital employed Spooner as a billing clerk and later as an administrative assistant in the body shop at its Capital Cadillac dealership in Smyrna, Georgia from July 13, 2011 through January 24, 2022. At all times relevant from March 2019 through January 24, 2022 ("the Relevant Time Period"), Capital misclassified Spooner as exempt from the FLSA's Maximum Hour provisions, thereby depriving

her of an overtime premium for time worked in excess of forty (40) hours in a work week.

**Jurisdiction and Venue**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Capital is located within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

5.

Spooner is a natural person residing in Marietta, Georgia.

6.

Capital is a domestic for-profit corporation organized under the laws of the State of Georgia.

7.

Capital employed Spooner as a body shop administrative assistant from approximately September 2018 through January 24, 2022.

8.

Throughout the Relevant Time Period, Spooner was an "employee" of Capital as FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1), defines that term.

9.

Throughout the Relevant Time Period, Capital has been an "employer" of Spooner as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

Capital is subject to the personal jurisdiction of this Court.

11.

Capital may be served with process through its registered agent, William R. Bridgers, III at 2210 Cobb Parkway SE, Smyrna, Georgia 30080.

**Enterprise Coverage:**

12.

Throughout the Relevant Time Period, Capital has been an "enterprise engaged in commerce or in the production of goods for commerce" as FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) define that term.

13.

Throughout 2019, Capital had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

Throughout 2020, Capital had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

Throughout 2021, Capital had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

Throughout 2022, Capital had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

Throughout the Relevant Time Period, Spooner and other employees of Capital handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Capital including office supplies, office furniture, computers, telephones, and car parts.

18.

Throughout 2019, Capital had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

Throughout 2020, Capital had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

Throughout 2021, Capital had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

4

21.

Throughout 2022 to the date of filing of this action, Capital has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

Throughout 2019, Capital had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

Throughout 2020, Capital had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

Throughout 2021, Capital had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

In 2022, Capital is projected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

Throughout Relevant Time Period, Capital has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**Lack of Exemption**

27.

Capital operates a car dealership and offers maintenance and auto repair services to its customers.

28.

Throughout the Relevant Time Period, Capital employed Spooner as an administrative assistant in its body shop.

29.

 Throughout the Relevant Time Period, Spooner was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

30.

Throughout the Relevant Time Period, Capital did not employ Spooner in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

31.

Throughout the Relevant Time Period, Capital did not employ Spooner in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

32.

Throughout the Relevant Time Period, Capital did not employ Spooner in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

33.

Throughout the Relevant Time Period, Spooner did not have a primary duty that included the management of Capital or any division of Capital.

34.

Throughout the Relevant Time Period, Spooner did not supervise two or more employees.

35.

Throughout the Relevant Time Period, Capital did not vest Spooner with the authority to hire or fire employees.

36.

Throughout the Relevant Time Period, Capital did not afford significant weight to Spooner's recommendations concerning the hiring and firing of its employees.

37.

Throughout the Relevant Time Period, Spooner did not have a primary duty that involved the exercise of independent judgment and discretion with regard to matters of significance to Capital or its customers.

38.

Throughout the Relevant Time Period, Capital did not employ Spooner in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

39.

Throughout the Relevant Time Period, Spooner's primary duties included, but were not limited to: answering incoming calls; returning customer calls; checking customers in and providing them forms to complete; collecting estimates provided from insurance companies; setting up rental vehicles for customers; verifying status of vehicle repairs with insurance companies; assisting insurance companies with additional information needed for processing claims; collecting payments from insurance companies and customers; and working with outside vendors to provide purchase orders for payment of services they rendered on behalf of Capital's customers.

**Additional Factual Allegations**

40.

Throughout the Relevant Time Period, Capital compensated Spooner through payment of weekly salary augmented by a monthly bonus equivalent to 2% of gross actual revenue attributable to Capital's body shop ("the 2% bonus").

41.

The 2% bonus was not a discretionary bonus as that term is defined in 29 C.F.R. § 778.211.

8

42.

The 2% bonus was part of Spooner's "regular rate" as that term is defined in FLSA §7(e), 29 U.S.C. § 207(e).

43.

From March 2019 through March 2020, Capital compensated Spooner with a salary of $700.00 per week plus the 2% bonus.

44.

In or about April 2020, Capital advised Spooner that her wages would be reduced for the months of April until further notice because of "fluctuating business conditions due to Covid-19".

45.

From approximately April 10, 2020 through June 2020, Capital compensated Spooner with a weekly salary of $880.01 augmented by a monthly bonus that was less than 2% of the gross actual body shop revenue.

46.

From July 2020 through January 24, 2022, Capital compensated Spooner with a weekly salary of $770.00 plus the 2% bonus.

47.

Throughout the Relevant Time Period, Spooner regularly worked five days per week, *i.e.,* Monday through Friday.

48.

Throughout the Relevant Time Period, Spooner's weekly work hours varied depending on the work assignments Capital assigned to her and the volume of business in the body shop.

49.

Throughout the Relevant Time Period, Spooner usually began work from between 7:00 a.m. and 7:30 a.m. each workday.

50.

Throughout the Relevant Time Period, Spooner usually completed work between 5:30 p.m. and 6:00 p.m. each workday.

51.

Throughout the Relevant Time Period, Spooner at times worked as late as 7:30 p.m.

52.

Throughout the Relevant Time Period, Capital failed to provide Spooner with a daily period of at least 30 minutes during which time she was free from all work duties.

53.

Throughout the Relevant Time Period, Spooner normally worked 48-55 hours during most work weeks.

54.

During the Relevant Time Period, Spooner worked up to 60 hours during several work weeks.

55.

Throughout the Relevant Time Period, Capital was aware of the actual number of hours Spooner worked.

56.

Capital knew or should have known that the FLSA applied to Spooner.

57.

Capital knew or should have known that Spooner was entitled to FLSA overtime protections.

58.

FLSA § 7, 29 U.S.C. § 207, requires that Capital compensate Spooner at a rate of one–and–one–half times her regular rate for all time worked in excess of forty (40) hours in a work week.

59.

Throughout the Relevant Time Period, Spooner regularly worked more than forty (40) hours during each workweek.

60.

Throughout the Relevant Time Period, Capital failed to compensate Spooner at one-half of her regular rate for each hour worked in excess of forty hours in each week.

61.

Throughout the Relevant Time Period, Capital willfully failed to compensate Spooner at one-half of her regular rate for each hour worked in excess of forty hours in each week.

62.

Throughout the Relevant Time Period, Capital knew or should have known that the Section 7 of the FLSA requires that Defendant compensate Spooner a premium for all time worked in excess of forty hours in a given workweek.

## Failure to Pay Overtime

63.

The allegations in paragraphs 1-62 above are incorporated herein by reference as if repeated *verbatim*.

64.

Throughout the Relevant Time Period, Spooner was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

65.

Throughout the Relevant Time Period, Spooner regularly worked in excess of forty (40) hours during each work week.

66.

Throughout the Relevant Time Period, Capital failed to pay Spooner at one-and-one-half times her regular rate for time worked in excess of forty (40) hours during each work week.

67.

Throughout the Relevant Time Period, Capital willfully failed to pay Spooner at one–and–one–half times her regular rate for work in excess of forty (40) hours in any week from March 2019 through January 24, 2022.

68.

As a result of Capital's failure to pay overtime compensation as alleged above, Spooner is entitled to payment of due but unpaid overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.

As a result of Capital's willful failure to pay overtime compensation as alleged above, Spooner is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of Capital's failure to pay overtime compensation as alleged above, Spooner is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Spooner respectfully prays:

1. That she be awarded an equivalent to her due but unpaid overtime compensation in an amount to be determined at trial against Capital;

2. That she be awarded an additional like amount as liquidated damages against Capital;

3. That she be awarded her costs of litigation, including her reasonable attorneys' fees from Capital;

4. That she be awarded nominal damages; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

101 MARIETTA STREET, NW
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/ CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375